UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John M. Solberg, | File No. 23-cv-3568 (ECT/DTS) |
| Petitioner, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| B. Eischen, *Warden*; J. Kozulla, *Case Manager*; S. Hachey, *Counselor*; and Bureau of Prisons, | |
| Respondents. | |

---

John M. Solberg, *pro se*.

Ana H. Voss and Emily M. Peterson, U.S. Attorney's Office, Minneapolis, MN, for Respondents B. Eischen, J. Kozulla, S. Hachey, and Bureau of Prisons.

---

Petitioner John M. Solberg commenced this action *pro se* by filing a petition for a writ of habeas corpus. ECF No. 1. After pleading guilty to one count of mail fraud, Solberg was sentenced to thirty months of imprisonment followed by three years of supervised release. *See* Amended Judgment at 2, *United States v. Solberg*, No. 19-cr-213-WCG-1 (E.D. Wis. Feb. 2, 2023), ECF No. 84. Solberg's habeas petition challenges the Bureau of Prison's calculation of First Step Act Time Credits (FTCs). ECF No. 1.

The case is now before the Court on a Report and Recommendation issued by Magistrate Judge David T. Schultz. ECF No. 29. Judge Schultz recommends dismissing Solberg's petition for several reasons. First, Solberg is not entitled to FTCs for his time spent in custody before his arrival at FPC Duluth because he did not participate in

qualifying programming or activities during that period.  *Id*. at 3–6; *see also Martinez v. Eischen*, No. 24-cv-637 (KMM/DJF), 2024 WL 1598772, at *2 (D. Minn. Apr. 12, 2024).  Second, the BOP correctly calculated Solberg's FTCs as he earned them (rather than "up front," based on his entire imposed sentence), consistent with the language and purpose of the First Step Act.   ECF No. 29 at 6–8; 18 U.S.C. § 3632(d)(4) ("A prisoner . . . *who successfully completes* evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows . . . ." (emphasis added)).  Third, Solberg does not have a protected liberty interest in future FTCs.  ECF No. 29 at 6–7; *see Smith v. Eischen*, No. 22-cv-1704 (NEB/DJF), 2023 WL 4203165, at *2 (D. Minn. June 27, 2023), *aff'd*, No. 23-2620, 2024 WL 1479767 (8th Cir. Apr. 5, 2024); *see also Fiorito v. Fikes*, No. 22-cv-0749 (PJS/TNL), *et al.*, 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022), *aff'd*, No. 23-1006, *et al.*, 2023 WL 4841966 (8th Cir. July 28, 2023).

Solberg filed objections to the Report and Recommendation.  ECF No. 31.  Respondents filed a response addressing Solberg's objections and confirming Respondents' view that the Report and Recommendation "should be adopted in its entirety."  ECF No. 39 at 1.  Because Solberg has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).  The Court has undertaken that de novo review and has concluded that Judge Schultz's analysis and conclusions are correct.

Therefore, based upon all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 31] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 29] is **ACCEPTED** in full;

3. Petitioner John M. Solberg's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**; and

4. The action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 21, 2024                         s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court